Filed 8/11/26  Isaacson v. Trancas PCH CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| DEAN R. ISAACSON,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>TRANCAS PCH LLC,<br><br>　　　Defendant and Respondent. | B340983<br><br>(Los Angeles County<br>Super. Ct. No. 18STCV05502) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

　　　Dean R. Isaacson, in pro. per., for Plaintiff and Appellant.

　　　Resch Polster & Berger, Robert W. Barnes, and Stacey N. Knox for Defendant and Respondent.

_____

Dean Isaacson appeals from the judgment entered after the trial court dismissed his complaint against Trancas PCH LLC (Trancas) for failing to timely bring the case to trial under Code of Civil Procedure sections 583.310 and 583.360.[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2018, Isaacson filed a complaint against Trancas and Susan B. Wilstein, as administrator of the estate of David Wilstein, alleging claims for breach of contract and fraud.[2] According to the complaint, Trancas was formed in 1999 to acquire and develop certain real property in Malibu, David Wilstein was Trancas's sole manager until his death in July 2017, and one of Trancas's members, 1, 2, 3 LLC (123), was a limited liability company managed by Isaacson.  Isaacson alleged Trancas and David Wilstein failed to perform on oral promises to pay him a developer's fee upon the Malibu property's sale.[3]  Susan Wilstein was dismissed from the action in November 2019.

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

[2]     The complaint also named as a plaintiff D.I.D.M. Development Corporation, which was later dismissed from the action for failing to secure attorney representation.  We augment the record to include the complaint.  (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]     On the same day Isaacson filed his complaint, 123 filed a separate action against Trancas and Susan Wilstein alleging claims for breach of contract and breach of fiduciary duty based on Trancas's alleged failure to pay 123 proceeds from the property's sale in accordance with Trancas's operating agreement.  123's action was dismissed in July 2019 for its failure to secure attorney representation.

Trancas first propounded requests for production on Isaacson in January 2020 and sought multiple times to meet and confer after Isaacson failed to timely respond. When Isaacson failed to respond to the meet and confer attempts, Trancas filed a motion to compel in November 2021. The trial court granted Trancas's motion and awarded it sanctions, and ordered Isaacson to serve verified responses, without objection, within 60 days. Shortly before that new deadline, in February 2022, Isaacson produced some documents that appeared to relate to claims in a separate action. He did not provide any written responses to Trancas's requests. Trancas's efforts to obtain further compliance by meeting and conferring and providing deadline extensions were largely unsuccessful. When Isaacson provided verified responses in April 2022, they contained numerous objections.

In May, June, and July 2022, the court granted Trancas's motions to compel and corresponding requests for sanctions based on Isaacson's failures to timely or properly respond to form interrogatories, requests for admission, and special interrogatories. In July 2022, the court also granted Trancas's ex parte application to continue the original trial date of August 2, 2021, to August 8, 2022, based on Isaacson's continued discovery noncompliance and his failure to communicate about pretrial issues.

Trancas next moved for terminating sanctions. Before the motion was heard, in July 2022, the parties agreed to participate in mediation and to continue the trial to April 3, 2023. Mediation never took place, but the parties engaged in settlement discussions over several months that ultimately proved unsuccessful. In October 2022, Isaacson moved to continue the trial to August 14, 2023, based on his intention to conduct discovery. The court granted the unopposed motion.

In November 2022, Isaacson produced over 2,000 pages of documents in response to Trancas's requests but also represented he had additional responsive documents that had not yet been produced. Isaacson continued to make unfulfilled promises to produce these additional documents throughout 2023.

On August 3, 2023, the court granted Trancas's ex parte application to continue the trial "not less than 60 days" on the basis that its client representative and primary witness, John Spranza, had undergone major surgery and thus was not available for trial. The court continued the trial to November 27, 2023.

Later in August 2023, the court granted Isaacson's motion to further continue the trial to accommodate his request to conduct discovery. The court reset the trial for January 8, 2024, and, over Trancas's objection, reopened discovery for Isaacson to conduct Spranza's deposition and to propound requests for production, with a new discovery cutoff date of December 1, 2023.

In October 2023, Trancas filed an ex parte application to continue the trial "to a date in the February-March 2024 timeframe" based on Spranza's unavailability due to plans for medical treatment and prepaid foreign travel. The court granted the application and continued the trial to July 29, 2024.

On December 3, 2023, Isaacson proposed that Spranza's deposition take place on December 5 or in February or March 2024. Trancas responded that it was not ready to proceed with and notice was inadequate for a deposition on December 5 but agreed to make Spranza available for a deposition in late February or early March 2024. Isaacson did not respond to Trancas's later proposal of specific dates in late February 2024.

On May 29, 2024, Isaacson propounded requests for production on Trancas.

4

Two days later, Trancas filed a motion to dismiss, arguing Isaacson had failed to bring the action to trial by May 20, 2024, as required by the five-year rule under section 583.310. Trancas argued Isaacson had no excuse and that dismissal for his noncompliance with the rule was mandatory under section 583.360. As an alternative basis for relief, Trancas sought dismissal of the action as a terminating sanction under section 2023.030, subdivision (d)(3).

Isaacson opposed the motion. He argued Trancas was thwarting the court's August 2023 discovery order by failing to make Spranza available for a deposition in June or July 2024. He contended Trancas's conduct caused irreparable damage to his due process rights and hamstrung his ability to oppose the dismissal motion and bring the case to trial. Isaacson also asserted Trancas should be estopped from moving for dismissal because its requests to continue the trial in August and October 2023 were designed to exhaust the five-year period under section 583.310. He further asserted that Trancas prepared the court's October 2023 order continuing the trial to July 29, 2024, knowing it "would scheme later … to ask the trial to be dismissed."

Before Trancas's reply deadline, the court posted a tentative ruling to deny Trancas's motion. The court explained that, "due to illness, the Judicial Officer of this department has been unavailable for a jury trial from April through June 2024. This is an impossibility that made it such that trial could not be commenced until July 2024. That means the time to bring the suit to trial was tolled by almost two months. Therefore, the current July 29, 2024, trial date is still within the 5-year rule. The Court also does not see how Plaintiff has not been diligent when he is a pro per litigant and Defendant has requested at least two trial continuances since August 2023."

5

In its reply, Trancas argued the court's tentative ruling analysis was contrary to case law providing that, even if the judicial officer in the assigned department had been unavailable for that period, Isaacson was responsible for seeking relief to ensure the matter proceeded to trial before the five-year deadline passed. Isaacson's failure to do so, Trancas argued, demonstrated a lack of reasonable diligence, which was fatal to any tolling argument he made.

After hearing argument, the court granted Trancas's motion to dismiss.

A few days later, Isaacson moved for reconsideration, arguing dismissal was improper because the court denied his June 2024 motion to compel Spranza's deposition, which would have produced facts to challenge Trancas's dismissal motion. Isaacson also argued the court had issued a stay based on the judicial officer's unavailability due to illness, which in turn meant the five-year period had not yet expired. The trial court denied the motion, noting Isaacson's "fail[ure] to demonstrate new facts or law that could not have been presented before." The court also struck Isaacson's subsequent peremptory challenge of a judicial officer under sections 170.1 and 170.6.

Although Isaacson prematurely appealed from the unsigned order granting Trancas's motion to dismiss, we treat the appeal as filed after the judgment of dismissal. (Cal. Rules of Court, rule 8.104(d)(1); see *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906.)

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Section 583.310 requires that "[a]n action shall be brought to trial within five years after the action is commenced against the

6

defendant." Under section 583.360, subdivision (a), if the action is not brought to trial by the five-year deadline, the action must "be dismissed by the court on its own motion or on motion of the defendant." The requirements under these provisions "are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (*Id.*, subd. (b); see *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 888-889 [" 'The purpose of the five-year dismissal statute is to prevent the prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses. [Citation.] The statute also protects defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time.' "].)

In 2020, in response to the COVID-19 pandemic, the Judicial Council issued Emergency Rule 10(a), which provided: " 'Notwithstanding any other law, including … section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total [time] of five years and six months.' " (See *Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 246.) Other circumstances in which the five-year period shall be extended are set forth under section 583.340, which provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

"To avoid dismissal under the section 583.340, subdivision (c) exception, a plaintiff must prove (1) a circumstance establishing impossibility, impracticability, or futility, (2) a causal connection

7

between the circumstance and the failure to move the case to trial within the five-year period, and (3) that [the plaintiff] was reasonably diligent in prosecuting [the] case at all stages in the proceedings." *(Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323 (*Tanguilig*); see *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731 (*Bruns*) ["The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340[, subdivision (c),] exception."].) The trial court "must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves.' " (*Bruns*, at p. 730.) The California Supreme Court has explained " 'there must be "a period of impossibility, impracticability or futility, *over which plaintiff had no control*," ' because the statute is designed to prevent *avoidable* delay." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1102 (*Gaines*).) Further, "[i]t is well established that ' " '[e]very period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation.' " ' [Citation.] ' "Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar [is] not within the contemplation" ' " of section 583.340, subdivision (c). (*Gaines*, at p. 1101.)

We review a trial court's ruling on a motion to dismiss under section 583.360 for abuse of discretion. (*Gaines*, *supra*, 62 Cal.4th at p. 1100, fn. 8; see *Bruns*, *supra*, 51 Cal.4th at p. 731 ["The trial court has discretion to determine whether [the § 583.340, subd. (c)] exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion"].) Under that

8

standard, we review the trial court's findings of fact for substantial evidence and its conclusions of law de novo. (*Gaines*, at p. 1100.) The court's application of the law to the facts is reversible only if arbitrary and capricious. (*Ibid.*)

B.     *The Trial Court Did Not Abuse Its Discretion in Granting Trancas's Motion and Dismissing Isaacson's Action*

Isaacson filed the underlying action on November 19, 2018. With Emergency Rule 10(a)'s six-month extension of the five-year period under section 583.310, Isaacson had until May 20, 2024, to bring his case to trial. When he failed to do so, Trancas moved to dismiss his case on May 31, 2024. The court granted the motion and dismissed the action pursuant to section 583.360.

Isaacson argues the trial court abused its discretion in several ways. He first contends the five-year period was tolled from David Wilstein's death in July 2017—i.e., before Isaacson commenced the underlying action—through his filing of his opening brief on appeal because Spranza was not properly appointed to replace Wilstein as Trancas's manager pursuant to the company's operating agreement, which in turn left Trancas without legal authority to participate in the case and the trial court without jurisdiction. Isaacson forfeited this argument by not raising it in the trial court. (See *Tanguilig, supra*, 22 Cal.App.5th at p. 330 [fact-based tolling claims for purposes of the five-year deadline under section 583.310 were forfeited when not argued in the trial court].) Even if we disregarded the forfeiture, Isaacson points to nothing in the record to support his claim of Spranza's improper appointment or Trancas's incapacity aside from the relevant operating agreement provision.

The rest of Isaacson's arguments are based on purported tolling under section 583.340, subdivision (c), for "impossible,

9

impracticable, or futile" circumstances. Isaacson contends he was reasonably diligent in trying to bring the action to trial and that the delays in his doing so "were completely and totally beyond [his] control." The trial court could reasonably conclude this was not the case.[4]

Isaacson asserts tolling should apply for (1) the period covered by Trancas's two granted continuances of the trial date to account for Spranza's medical and travel plans and (2) the period in which the assigned trial court judge was unavailable due to illness.[5] Working around scheduling conflicts of the opposing party and the court is far closer to " 'delay caused by ordinary incidents of proceedings ... [that is] not within the contemplation' " of section 583.340, subdivision (c), than circumstances establishing impossibility, impracticability, or futility. (*Bruns*, *supra*, 51 Cal.4th at p. 731; accord, *Gaines*, *supra*, 62 Cal.4th at p. 1101 ["This rule reflects the Legislature's understanding that a reasonably diligent plaintiff should be able to bring the case to trial within the relatively lengthy period of five years notwithstanding such

---

[4] Isaacson points to the trial court's tentative ruling to deny Trancas's dismissal motion and asserts the court erred in reversing that ruling. However, "a trial court's tentative ruling is not binding on the court; the court's final order supersedes the tentative ruling." (*Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300.) Thus, we disregard any reliance Isaacson places on it. (*Ibid.*; see *Oswald v. Landmark Builders, Inc.*, *supra*, 97 Cal.App.5th at p. 249, fn. 6.)

[5] Isaacson provides no support for his assertion that the trial court lost jurisdiction over the action during the period in which the trial court judge was unavailable due to illness. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

10

ordinary delays.  [Citation.]  To hold otherwise would allow plaintiffs to litigate piecemeal every period, no matter how short, in which it was literally impracticable to try the case, thus rendering the statute 'utterly indeterminate, subjective, and unadministerable.' "].)

Moreover, with respect to the trial court judge's absence for several months, as the judge stated at the hearing on the motion to dismiss, "Even though I was out, I was still ruling on ex partes, I was still following calendars.  So it could have been brought to my attention even when I was out.  You could have advanced it or I could have sent it to Department 1 to see if another court could have heard the case.  The obligation is on the plaintiff to raise those issues.  It wasn't done here."

But even assuming these periods involved circumstances establishing impossibility, impracticability, or futility, the record does not show Isaacson was "reasonably diligent in prosecuting [his] case *at all stages in the proceedings*."  (*Tanguilig*, *supra*, 22 Cal.App.5th at p. 323, italics added; see *Bruns*, *supra*, 51 Cal.4th at pp. 730-731 [" 'The critical factor in applying these exceptions [under § 543.340, subd. (c)] to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' "].)  To the contrary, the most significant source of delay in Isaacson's bringing the case to trial was his persistent discovery noncompliance.  Based on Isaacson's failures to timely and properly respond to its requests, Trancas was forced to file several motions to compel.  The court granted each and awarded Trancas sanctions every time.  Trancas was also forced to secure at least one continuance of the trial date because of Isaacson's discovery noncompliance.

For his part, Isaacson also sought multiple continuances of the trial date to conduct discovery that he then failed to timely

11

pursue. While Isaacson complains about his inability to take Spranza's deposition before the court ruled on Trancas's dismissal motion, the record shows Isaacson only started pursuing the deposition after the revised discovery cutoff had passed and after three and a half months of preceding inaction. Then he stopped responding when Trancas proposed post-cutoff dates for the deposition to proceed and only returned to the topic once the five-year deadline had passed and Trancas had filed its dismissal motion.

Isaacson likewise does not address that the final continuance of the trial date to July 29, 2024, was made on October 3, 2023, or seven and a half months before the five-year deadline on May 20, 2024. The record shows Isaacson did nothing to raise the issue during that time.

Similar circumstances were present in *De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 370 (*De Santiago*), where the trial court on its own motion continued the trial date beyond the five-year deadline. The appellate court rejected the appellant's tolling argument, explaining the appellant had not established it "was reasonably diligent in prosecuting the case ... during the final six months of the five-year period." (*Id.* at p. 374.) The court explained, "[d]uring this time, [the appellant] had a duty to bring to the trial court's attention the fact that the trial court set the trial for a date after expiration of the five-year period, and object. Upon becoming aware of the impending expiration of the five-year period, the trial court in all likelihood would have given the case priority for the purpose of trying the case before the five-year period expired. [The appellant's] attorney failed to alert the trial court that the trial date was beyond the five-year mark ..., and thus, in effect, [the appellant] acquiesced in the court's setting the trial date beyond the five-year mark." (*Ibid.*) The court added,

12

"[the appellant] also had a duty to take whatever other measures were available to attempt to accelerate trial of the case before expiration of the five-year period, including bringing a motion to advance the trial. Even after the court set the case for trial beyond the five-year mark, there was ample time to move to advance the trial date pursuant to California Rules of Court, rule 3.1335." (*De Santiago*, at p. 374; see also *Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1274 [" ' "Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability." ' "]; *Wale v. Rodriguez* (1988) 206 Cal.App.3d 129, 133 ["Appellant was not entitled to assume that a motion to specially set would have been futile. His failure to so move was fatal."].)

Like the appellant in *De Santiago*, Isaacson failed to object to the setting of the trial date after the expiration of the five-year period or otherwise bring the issue to the trial court's attention in the final seven and a half months before that deadline passed. His failure to do so demonstrates a lack of reasonable diligence and, in turn, fatally undermines his tolling argument. (*De Santiago*, *supra*, 155 Cal.App.4th at p. 375 ["[The appellant] was not reasonably diligent in bringing its case to trial during the last six months of the five-year period and thus the impracticability exception does not apply."].)

Finally, reasonable diligence is not shown in Isaacson's cited actions taken *after* the five-year deadline passed, including his filing an ex parte application to advance his motion to compel Spranza's deposition before the dismissal motion hearing. These efforts were moot because, at that point, the case could be and

eventually was properly dismissed for Isaacson's failure to timely bring it to trial under section 583.360.

## DISPOSITION

The judgment is affirmed. Trancas is entitled to its costs on appeal.


                                        STONE, J.

We concur:



            SEGAL, Acting P. J.



            FEUER, J.

14